IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Alvaro MORALES )
    Petitioner )
    Pro-Se )
  )
vs ) No. 90-520-CR-KING (s)
  )
United States of America )
    Respondent )   **04-40172**

**MOTION FOR ABSENCE FROM PRISON TO
HOME DETENTION DUE TO EXTRAORDINARY
PHYSICAL IMPAIRMENT**

AND NOW, before this Court, is Alvaro MORALES, be he hereinafter be known and referred to as the Petitioner, currently at bench in pro-se.

Petitioner avers the below and ongoing factual information to support this motion.

-A-

JURISDICTION

This Court is vested with jurisdiction to hear this matter, pursuant to U.S.S.G. 5H4.1 and 5F1.2, by avenue of Title 28 USC §2241.

-B-

BRIEF CRIMINAL HISTORY

ALVARO was, subsequent to a narcotic importation investigation by Federal authorities, arrested on August 23, 1990, and charged with violations of Title 21 U.S.C., "possession and conspiracy

to distribute cocaine.

**ALVARO** entered a timely plea of Guilty and, in accepting responsibility, informed both the Court and the Probation Department that this was his first criminal conviction (at, then, 54 years of age) entered into solely to provide medical care and surgery to his ailing mother.

On June 7, 1991, **ALVARO** was sentenced to a term of total confinement, not to exceed 292 months.

-C-

ALVARO'S FAMILY HISTORY

**ALVARO** is married to Luz **HELENA**. The marriage has consummated with five (5) surviving children, two (2) in the United States, and the others remaining in Latin America.

**ALVARO** was employed for twenty (20) years and four (4) months by Carvajal S.C., where he, upon returning to Colombia, will derive a pension. The family home is still available to **ALVARO**, standing at Calle #9, #44-79, Apt. 203, Cali, Colombia.

-D-

ALVARO'S MEDICAL HISTORY

**ALVARO MORALES**, being born in 1937, is sixty-seven (67) years of age, and suffers from a variety of terminal illnesses, be they alone or in concert to one another, as will be discussed below.

It will be clearly gleaned from the somewhat limited medical record submitted for review[1] that **ALVARO's** medical condition has

---

1. Your petitioner has continually strived to gain his full medical records. With the severe overcrowing and deleted staff, it is the "norm" to take months if not years, if ever, to gain complete access.

rapidly deteriorated from 1997 to present. It will be clearly evidenced that, in order to survive, **ALVARO** will require a heart transplant, a procedure unavilable to him, or anyone in the custody of the Federal Bureau of Prisons (BOP).

Currently, **MR. MORALES** is confined to the third floor of the hospital at FMC Devens, due to, <u>inter alia</u>, shortness of breath, unable to walk without a mechanical aid, elevation required for fluid distribution, and continuing cardiac monitoring.

The first submission of medical evidence in the attached appendix, is from Cardiology Internists of Leominster, Inc, dated February 27, 2003. This is a referral from Dr. **BHATI** to **Nicholas M. MERCADANTE**, M.D. F.A.C.C., seeking cardiac evaluation of **Mr. MORALES**.

The prognosis offered by **DR. MERCADANTE** is grave. **ALVARO**, suffers from inoperable severe aortic regurgitation, and is not a candidate for aortic valve replacement because of "his dialated left ventricule and decreased LVSF". Upon concluding his report to **DR. BHATTI**, **DR. MERCADANTE** asks that **MR. MORALES** be considered for a "compassionate release"[2].

Since the evaluation in 2003, **ALVARO's** medical condition has severely declined.

-E-

HISTORY OF COMPASSIONATE RELEASE

To obtain a compassionate release, the inmate must, first, as

---

[2] With the only "treatment" being a heart transplant.

-3-

here, be recommended by a specialist to his disease. **ALVARO** certainly has the now, year old, consideration. Next, the Warden must "sign off" and forward the release to the regional office in Philadelphia for their approval, then on to Washington for the Director's signature, which will pull the trigger for release. This rarely occurs, as evidenced by the following scenarios at FMC Devens: (1) Two inmates are on their "last site" for kidney dialysis have been recommended by the Warden and the Regional Director, but not affirmed by the national Director citing "may commit another crime if released".

This standard answer by the BOP Director insults the Congressional intention of the enacted statute to provide compassionate release in that only those who are sick and seeking release may apply; therefore, the "excuse" may commit another crime lacks any foundation of merit whatsoever, just an excuse to deny the aged and terminal inmate compassion. Instantly, this is **MR. MORALES'** first arrest and conviction, a man who retired from gainful employment spanning 20 plus years, and (2) There are, as per the norm, many terminal inmates housed in the basement of the hospital, as well as terminal cancer, and sickle-cell inmates on the two upper floors. None have received a release prompted by the BOP, rather they simply die at FMC Devens.

-F-

## ANTICIPATED BOP REPLY

The enclosed authorities reveal that the Court normally contacts the Medical Director of the BOP and asks "Can the BOP treat the

Petitioner?"

Here, the reply will ultimately be "yes, we can treat him", and this will be a true conclusion. Treatment at FMC Devens defers to various medications I'm provided to circumvent pain, and control blood pressure, hyper-tension and blood flow. The BOP will not be able to say, with **any** degree of medical certainty that they will ever be able to provide **ALVARO** with more than his present, if workable, heart muscle, to provide a heart transplant, or prolong life for another six (6) months. An impossibility.

-G-

### ALVARO'S INTENDED TREATMENT AT HOME

In hoping for **ALVARO**'s timely return to Colombia, his immediate and extended family members are becoming knowledgeable in arranging cardiac care for him, as well as all available information and providers of a full cardiac transplant.

The family endeavors intent to be fully operational to his present and future needs by the time of his, hopeful, return to Colombia.

The District Court is very clear in the criteria to gain a 5H1.4 departure in that a series of extraordinary physical impairments must exist or one, by itself, which would give rise to 5H1.4.

Here, both the narrow and more broad conditions exist. See: **United States vs Paradies**, 14 F.Supp.2d 1315 (N.D. GA. 1998). Instantly, your Petitioner suffers from advanced age, 67 years of age, and an inoperable heart condition, which will soon fail to

sustain the Petitioner's life.

In **Paradies**, that Defendant complained of advanced age, osteo-arthritis, a torn rotor cup, enlarged prostrate, and chest pains. While the advanced age was evident, no extraordinary health problems were found, and that several of the individuals who were involved in fraudulent schemes with **Paradies** were older than sixty (60) years, and have all served or were presently serving their sentence. No such set of circumstances exist in **MORALES.** Mr. **MORALES** does suffer from a soon-to-be-terminal heart problem and surely will serve to take his case out of the heartland of cardiac conditions. **See**: **United States vs Altman**, 107 F3d 4; and, because the BOP may reply "we can adequately monitor his condition", **United States vs Booker**, 962 F.Supp. 629 (D.H.J. 1997), it's respectfully submitted that mere "monitoring" will not serve to repair his heart to operate above the 15% level deemed in 2003 (perhaps far worse now due to increased shortness of breath, more frequent chest pains, fluid retention of a greater durability, and becoming less mobile), nor will it permit his damaged heart to receive a "new valve".[3]

Simply put, the only medical door available to **MR. MORALES** is absence from prison to arrange a heart transplant.

---

3. In order to sustain life, Mr. **MORALES** is affixed to oxygen on an "as needed" basis via his assigned hospital room. He uses the oxygen several times throughout the day, and completely for over-night sleeping.

WHEREFORE, for all of the reasons set forth in the foregoing request for relief, Petitioner prays his relief be granted

Respectfully Submitted,

Alvaro MORALES
Reg. No. 42152-004
FMC Devens
P.O. Box 879
Ayer, MA  01432