

U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: OGC
NUMBER: 5050.46
DATE: 5/19/98
SUBJECT: Compassionate Release; Procedures for Implementation of 18 U.S.C 3582 (c)(1)(A) & 4205(g)

1. [<u>PURPOSE AND SCOPE</u> §571.60. Under 18 U.S.C. 4205(g), a sentencing court, on motion of the Bureau of Prisons, may make an inmate with a minimum term sentence immediately eligible for parole by reducing the minimum term of the sentence to time served. Under 18 U.S.C. 3582(c)(1)(A), a sentencing court, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate sentenced under the Comprehensive Crime Control Act of 1984.

The Bureau uses 18 U.S.C. 4205(g) and 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing.]

<u>CFR Cross Reference Note</u>:

   [<u>§572.40 Compassionate release under 18 U.S.C. 4205(g)</u>. 18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A). Procedures for compassionate release of an inmate under either provision are contained in 28 CFR part 571, subpart G.]

[Bracketed Bold - Rules]
Regular Type - Implementing Information

Case 4:04-cv-40172-NMG   Document 7-7   Filed 11/11/2004   Page 2 of 6

```
                                                    PS 5050.46
                                                     5/19/98
                                                     Page 2
```

2. <u>PROGRAM OBJECTIVES</u>.  The expected results of this program are:

   a.  A motion for a modification of a sentence will be made to the sentencing court only in particularly extraordinary or compelling circumstances that could not reasonably have been foreseen by the court at the time of sentencing.

   b.  The public will be protected from undue risk by careful review of each compassionate release request.

   c.  Compassionate release motions will be filed with the sentencing judge in accordance with the statutory requirements of 18 U.S.C. § 3582(c)(1)(A) or § 5405(g).

3. <u>DIRECTIVES AFFECTED</u>

   a.  <u>Directive Rescinded</u>

      PS 5050.44     Compassionate Release: Procedures For Implementation of 18 U.S.C. 3582(c)(1)(A) & 4205(g) (1/7/94)

   b.  <u>Directives Referenced</u>.  None.

   c.  Rules cited in this Program Statement are contained in 28 CFR 571.60 through 571.64

   d.  Rules referenced in this Program Statement are contained in 28 CFR 542.10 through 542.16 and 572.40

   e.  <u>U.S. Code Referenced</u>

      Title 18, United States Code, Section 4205(g)
      Title 18, United States Code, Section 3582(c)(1)(A)

4. <u>STANDARDS REFERENCED</u>.  None.

5. [<u>INITIATION OF REQUEST - EXTRAORDINARY OR COMPELLING CIRCUMSTANCES</u> § 571.61

   a.  A request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) shall be submitted to the Warden.  Ordinarily, the request shall be in writing, and submitted by the inmate.  An inmate may initiate a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of

sentencing.  The inmate's request shall at a minimum contain the following information:

   (1)  The extraordinary or compelling circumstances that the inmate believes warrant consideration.

   (2)  Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

   b.  The Bureau of Prisons processes a request made by another person on behalf of an inmate in the same manner as an inmate's request.  Staff shall refer a request received at the Central Office or at a Regional Office to the Warden of the institution where the inmate is confined.]

6.  [APPROVAL OF REQUEST §571.62.

   a.  The Bureau of Prisons makes a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only after review of the request by the Warden, the Regional Director, the General Counsel, and either the Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical referrals, and with the approval of the Director, Bureau of Prisons.

   (1)  The Warden shall promptly review a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A).  If the Warden, upon an investigation of the request determines that the request warrants approval, the Warden shall refer the matter in writing with recommendation to the Regional Director.]

   The Warden's referral at a minimum shall include the following:

   (a)  The Warden's written recommendation as well as any other pertinent written recommendations or comments made by the staff during the institution review of the request.

   (b)  A complete copy of Judgment and Commitment Order or Judgment in a Criminal Case and sentence computation data.

   (c)  A progress report that is not more than 30 days old. All detainers and/or holds should be resolved prior to the Warden's submission of a case under 18 U.S.C. § 3582(c)(1)(A) or § 4205(g) to the Regional Director.  In the event a pending

charge or detainer cannot be resolved, then an explanation of the charge or conviction status is needed.

(d) <u>All</u> pertinent medical records if the reason for the request involves the inmate's health. Pertinent records shall include, at a minimum, a Comprehensive Medical Summary by the attending physician, which should also include an estimate of life expectancy, and all relevant test results, consultations and referral reports/opinions.

(e) The referral packet shall include, when available, a copy of the Presentence Investigation and Form U.S.A. 792, Report on Convicted Offender by U.S. Attorney, Custody Classification form, Notice of Action forms, Probation form 7a, information on fines, CIM Classification Summary BP-339, and any other documented information which is pertinent to the request. In the absence of a Form U.S.A. 792, the views of the prosecuting Assistant U.S. Attorney may be solicited and those views should be made part of the Warden's referral memo.

(f) If the inmate is subject to the Victim and Witness Protection Act of 1982 (VWPA), confirmation of notification to the appropriate victim(s) or witness(es) shall be incorporated into the Warden's referral. A summary of any comments received shall be incorporated into the Warden's referral memorandum. If the inmate is not subject to the VWPA, a statement to that effect must be in the Warden's referral memorandum.

(g) For a request under 18 U.S.C. § 3582(c)(1)(A) when a term of supervised release follows the term of imprisonment, confirmation that release plans have been approved by the appropriate U.S. Probation Office must be included in the referral. If the inmate will be released to an area outside the sentencing district, the U.S. Probation Office assuming supervision must be contacted. If no supervision follows the term of imprisonment, release plans must still be developed.

(h) The development of release plans shall include, at a minimum, a place of residence and the method of financial support, and may require coordination with various segments of the community, such as hospices, the Department of Veterans Affairs or veterans groups, Social Security Administration, welfare agencies, local medical organizations, or the inmate's family.

(i) Because there is no final agency decision until the Director has reviewed the request, staff at any level may not

Case 4:04-cv-40172-NMG   Document 7-7   Filed 11/11/2004   Page 5 of 6

PS 5050.46
5/19/98
Page 5

contact the sentencing judge or solicit the judge's opinion through other officers of the court.

[(2) If the Regional Director determines that the request warrants approval, the Regional Director shall prepare a written recommendation and refer the matter to the Office of General Counsel.

(3) If the General Counsel determines that the request warrants approval, the General Counsel shall solicit the opinion of either the Medical Director or the Assistant Director, Correctional Programs Division depending upon the nature of the basis for the request. With this opinion, the General Counsel shall forward the entire matter to the Director, Bureau of Prisons, for final decision.

(4) If the Director, Bureau of Prisons, grants a request under 18 U.S.C. 4205(g), the Director will contact the U.S. Attorney in the district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Bureau of Prisons to reduce the minimum term of the inmate's sentence to time served. If the Director, Bureau of Prisons, grants a request under 18 U.S.C. 3582(c)(1)(A), the Director will contact the U.S. Attorney in the district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Director of the Bureau of Prisons to reduce the inmate's term of imprisonment to time served.

b. Upon receipt of notice that the sentencing court has entered an order granting the motion under 18 U.S.C. 4205(g), the Warden of the institution where the inmate is confined shall schedule the inmate for hearing on the earliest Parole Commission docket.]

Institution staff shall prepare an amended Sentence Data Summary for use at this hearing. Staff shall provide a copy of the most recent progress report to the Parole Commission.

[Upon receipt of notice that the sentencing court has entered an order granting the motion under 18 U.S.C. 3582(c)(1)(A), the Warden of the institution where the inmate is confined shall release the inmate forthwith.

c. In the event the basis of the request is the medical condition of the inmate, staff shall expedite the request at all levels.]

PS 5050.46
5/19/98
Page 6

A request for an expedited review permits the review process to be expedited, but does not lessen the requirement that the documentation cited in Section 6.a.(1) above be provided.

7.  [DENIAL OF REQUEST §571.63

   a.  When an inmate's request is denied by the Warden or Regional Director, the disapproving official shall provide the inmate with a written notice and statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).

   b.  When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.

   c.  When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.

   d.  Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.]

8.  [INELIGIBLE OFFENDERS §571.64. The Bureau of Prisons has no authority to initiate a request under 18 U.S.C. 4205(g) or 3582(c)(1)(A) on behalf of state prisoners housed in Bureau of Prisons facilities or D.C. Code offenders confined in federal institutions. The Bureau of Prisons cannot initiate such a motion on behalf of federal offenders who committed their offenses prior to November 1, 1987, and received non-parolable sentences.]

                                              /s/
                                              Kathleen M. Hawk
                                              Director