UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALVARO MORALES, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 04-40172-NMG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## RESPONSE TO PETITION AND MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Petitioner, an inmate at the Federal Medical Center, Devens, Massachusetts, requests

that this Court shorten his sentence and permit him to return to Cali, Columbia, so that he

may secure a heart transplant there.  Petitioner has been convicted of Conspiracy to Possess

Cocaine With Intent to Distribute, 21 U.S.C. § 846, and his sentence, imposed June 7,

1991, will be completed, assuming good conduct credits, in 2011.  Declaration of Ann H.

Zgrodnik, Federal Bureau of Prisons (hereafter, "Zgrodnik Decl."), Attachment 1a.

Petitioner cannot carry his burden of showing that he is entitled to release for at least

three reasons: the Court cannot consider his claim because he has failed to exhaust

administrative remedies, the Court lacks authority to shorten Petitioner's sentence because

Petitioner's claim fails to meet the statutory prerequisites, and the Bureau of Prisons has

1

acted reasonably in its initial consideration of Petitioner's request.[1]

## I. PETITIONER'S CLAIM IS UNRIPE FOR JUDICIAL REVIEW

Petitioner petitioned the Bureau of Prisons ("BOP") for immediate release, claiming the right to "compassionate release," based on his heart condition, February 13, 2003. Zgrodnik Decl., Att. 1b.  When his request was denied, he appealed the denial to the Regional Director, BOP.  Id. Att. 1c.  The Regional Director denied his request, May 6, 2004; Id. Att. 1c; giving Petitioner two reasons for denial: that "due to the nature of your prior criminal history, it is possible that you may continue criminal activity if released," and "there is no definite prognosis regarding your medical condition."  Petitioner then submitted an appeal to the Northeast Regional Office, BOP, requesting reconsideration for compassionate release based on his advanced age, delicate health history, positive adjustment and lack of criminal history other than the conviction that is the basis of this sentence.  Id. Att. 1d.  Petitioner is 67 years old.  Complaint, p. 2.  This appeal was denied. Id.  The Regional Director set forth the factors to be taken into account for compassionate release requests, and noted that Petitioner had provided no evidence warranting alteration of the BOP's initial denial.  Id. Att. 1e.  See Id. ¶ 4.  The Regional Director informed Petitioner that if dissatisfied with the response, Petitioner had the right to appeal to the Office of General Counsel, BOP.  Id.  Petitioner did not take the step of appealing to the

---

[1] The proper defendant for a habeas corpus petition is the warden or like official exercising legal control over petitioner.  Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004).

Office of General Counsel, the last rung of his BOP appeal rights. Id. ¶ 4 and Att. 1e.

The required procedure for formal review of an inmate's petition is set forth in 28

C.F.R.§ 542. It is described in the Declaration of Ann H. Zgrodnik, attached hereto.[2]  An

inmate is required to exhaust his administrative remedies before applying for habeas relief

under 28 U.S.C. § 2241. Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir.

1999)(inmate must exhaust the available administrative, BOP, remedies set forth in 28

C.F.R. § 542 before judicial review of BOP's calculation of credits to his sentence from

prior custody is available). See  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760

(3d Cir. 1996)(petitioner's procedural default of administrative remedies barred judicial

review of loss of inmate's good time credits); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir.

1990)("It is well settled that an appellant must exhaust his administrative remedies before

seeking habeas corpus relief in the federal courts," where inmate sought immediate

---

[2]Federal inmates "may seek formal review of an issue which relates to any aspect of their confinement. . ." 28 C.F.R. § 542.10. A three-level grievance procedure is in place to resolve prisoner complaints. 28 C.F.R. §§ 542.10 et seq. An inmate must initially attempt to resolve the dispute informally with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his complaint to the Warden of the institution in which he is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. § 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R § 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. § 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

release); <u>United States v. Flanagan</u>, 868 F.2d 1544, 1545 (11th Cir. 1989)(shortening of

sentence is in the first instance an administrative, not a judicial function.).  <u>United States v.</u>

<u>Brann</u>, 990 F.2d 103-04 (3rd Cir. 1993) (ripeness for judicial review of sentence credits

requires exhaustion of BOP remedies); <u>Soyka v. Alldredge</u>, 481 F.2d 303, 306 (3rd Cir.

1973)(premature to seek credit toward reducing sentence until inmate has undertaken BOP

review procedures).  <u>See also</u>, <u>Ex Parte Hawk</u>, 321 U.S. 114, 116-17 (1944), as cited in

Immigration habeas corpus case <u>Sayyah v. Farquharson</u>, 382 F.3d 20, 24 (1st Cir.

2004)(discusses common law exhaustion, which "almost universally" premises judicial

review upon the prior exhaustion of administrative remedies).

　　　An inmate is required to follow each of the procedural steps set forth in the BOP

rules for exhaustion, and Petitioner's failure to file an appeal to the General Counsel, BOP,

constitutes a procedural default that bars judicial review.  <u>See</u> <u>Moscato v. Federal Bureau of</u>

<u>Prisons</u>, 98 F.3d at 760, and cites therein.

　　　The principle of administrative exhaustion doctrine has several purposes:

> (1) judicial review may be facilitated by allowing the
> appropriate agency to develop a factual record and apply its
> expertise, (2) judicial time may be conserved because the
> agency might grant the relief sought, and (3) administrative
> autonomy requires that an agency be given an opportunity to
> correct its own errors. . . . (cites omitted).

<u>Arias v. United States Parole Commission</u>, 648 F.2d 196 (3d Cir. 1981).

　　　Accordingly, absent undue prejudice to subsequent assertion of a court action; <u>see</u>

<u>McCarthy v. Madigan</u>, 503 U.S. 140, 146-47 (1992); judicial review is unavailable to

habeas corpus petitioners unless they have exhausted all the prescribed BOP administrative remedies. The petitioner has shown no undue prejudice (see section III of this memorandum), he has failed to exhaust the BOP procedures, and the Court lacks jurisdiction to consider his claim.

## II. THIS COURT LACKS AUTHORITY TO SHORTEN PETITIONER'S SENTENCE

If the Petitioner had exhausted his administrative remedies, this Court would lack authority to modify Petitioner's sentence and grant him early release. The authority of a District Court to alter a valid sentence is limited to authority conferred by federal statute. United States v. Zsofka, 121 F.3d 696, 1997 WL 440452 (1st Cir. 1997), cited in United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001)(district court lacks jurisdiction to reconsider and impose a modified term of imprisonment absent express authority); United States v. Blackwell, 81 F.3d 945 (10th Cir. 1996)(modification of sentence authorized "only in specific instances where Congress has expressly granted the court jurisdiction to do so"). The Court has no inherent authority to modify a sentence. United States v. Ross, 245 F.3d at 586; United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994)(authority to change a sentence must derive from federal statutory authority).

Federal statute does not provide for modifying Petitioner's sentence. A District Court may modify sentences only under the limited circumstances set forth in 18 U.S.C.

§ 3582(c),[3] and those circumstances are absent here. Section 3582(c) provides that a sentence may be modified in three instances: when the Director of BOP moves the Court for such a modification because the Bureau has found either (1) that "extraordinary and compelling" reasons warrant such a modification; 18 U.S.C. § 3582(c)(1)(A)(i); or (2) that a defendant is at least 70 years old, has served at least 30 years in prison, and is no longer a danger to the safety of the community. 18 U.S.C. § 3582(c)(1)(A)(ii). The second instance is where Rule 35, Federal Rules of Criminal Procedure, permits modification of sentence. 18 U.S.C. § 3582(c)(1)(B). The third instance is where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The first instance is clearly unavailable in this case because the BOP has not moved to modify petitioner's sentence. BOP has determined that "extraordinary and compelling reasons warranting reduction" of sentence are not present here. BOP regulations regarding "extraordinary and compelling reasons" for compassion release of inmates; 28 C.F.R. §§ 571.60-.70; require that the inmate explain the extraordinary and compelling circumstances that the petitioner believes warrant reconsideration, explain where he will reside, how he will support himself, and information on where the inmate will receive medical treatment and how the inmate will pay for such treatment. 28 C.F.R. § 571.61(a).

---

[3] Other than modification upon timely direct appeal of the sentence pursuant to 18 U.S.C. § 3742.

The BOP's Program Statement on Compassionate Release, Statement 5050.46, interprets "extraordinary and compelling" in the text of section 3582(c)(1)(A)(i) to apply only to those circumstances where the inmate is diagnosed with a serious medical condition, ordinarily terminal, with a determinable life expectancy.   United States v. Maldonado, 138 F. Supp. 328, 332 (E.D.N.Y. 2001)(reasonable for BOP to limit the number of people eligible for compassionate release to those cases that are truly extraordinary and that may be decided on an objective basis). Petitioner has a serious medical condition, but his prognosis is uncertain and his life expectancy undeterminable. See Section III of this memorandum.   The provision is inapplicable to Petitioner.

Regarding the second prong of subsection (a)(1), the government has not filed a motion requesting sentence modification and Petitioner clearly does not qualify, since he is not at least 70 years old and has not served a sentence of 30 years.  The provision is inapplicable to Petitioner.

Regarding modification of sentence pursuant to Rule 35, referred to in 18 U.S.C. § 3582(c)(1)(B), the Rule is unavailable to petitioner because it provides for resentencing of an individual upon motion of the government only if the defendant rendered substantial assistance after sentencing; Rule 35(b); or if the sentence requires correction by the sentencing court within seven days of the imposition of the sentence for "arithmetical, technical or other clear error." Petitioner has not provided substantial assistance post sentencing, and he is requesting a shortening of his sentence due to his medical condition,

7

not an error by the sentencing court. Rule 35 (c). Rule 35 is inapplicable to this Petition.
See United States v. Early, 27 F.3d at 141 (Petitioner's motion and situation do not fit any
provision of Rule 35). Likewise, Petitioner alleges no change in the Sentencing Guidelines
such that his sentence would be shorter if he were sentenced today. 18 U.S.C. §
3582(c)(2).

Accordingly, there is no jurisdictional basis for Petitioner's motion to reduce his
sentence. United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994)(dismissal required where
motion for reduction of sentence not based on authorized factors); United States v. Gore,
933 F. Supp. 1018, 1021 (D.Kan. 1996), aff'd. 116 F.2d 1489 (court lacks jurisdiction to
consider motion for reduction of sentence in the absence of statutory factors) .

## III.    THE BOP WAS REASONABLE IN DENYING THE PETITION

As noted in section I, Petitioner has not pursued all of his rights of administrative
appeal. However, it is clear that BOP's denial of his request thus far has reasonably
considered Petitioner's medical condition. Petitioner is incarcerated at the Federal Medical
Center with serious cardiac dysfunction. Declaration of Dr. Fazal Bhatti, Medical Officer,
Federal Medical Center, Devens, ¶ 29 and in passim. Att.2. Petitioner receives close
medical attention, and follows a close regimen of medication. Id. ¶ 26, 28. He has
received consultations with medical specialists on numerous occasions. Id. ¶ 29 and in
passim. He has heart valve dysfunction and congestive heart failure, but, according to Dr.
Bhatti, his condition is stable, he is "well maintained," and he has been clinically stable

since he arrived at Devens in May 2002.. Id. ¶¶ 4, 29.  He has access to medical staff at

any time of day.  Id. ¶ 29.  Cardiologists and a specialized heart failure care center are

available to him.  Id. ¶ 30.  He is "independent in his activities of daily living and is able to

care for himself without difficulty."  Id. ¶ 29.[4]   Given the information that BOP has

regarding petitioner's condition and the quality of care that BOP is providing to him,

Petitioner cannot show that the BOP has been arbitary in its denial of his request for early

release.[5]

## IV.  CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction to consider Petitioner's

request for reduction of sentence and the Petition should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

ANITA JOHNSON
Assistant U.S. Attorney
Moakley United States Courthouse, Ste. 9200
One Courthouse Way
Boston, Mass. 02210
(617)748-3100

---

[4] Petitioner does not allege inferior medical treatment, much less deliberate
indifference to serious medical needs.

[5] Moreover, BOP determined that there was a possibility that he could continue
criminal activity if released.  Zgordnik Decl., Att. 1c.

9

Certificate of Service

I hereby certify that I have served the foregoing upon Petitioner at FMC-Devens, P.O. Box 879, Ayer, Mass. 01432, by first class mail, postage prepaid, on this 10th day of November, 2004.

_Anita Johnson_