SCANNED
DATE: 11-30-04
BY: CMS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Alvaro MORALES )
   Petitioner )
   Pro-Se )
 )
vs ) Civ. No. 04-40172-NMG
 )
United States of America )
   Respondent )

### PETITIONER'S RESPONSE TO GOVERNMENT RESPONSE TO PETITION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**A N D   N O W**, appearing in a timely tranverse before this Honorable Court, is **Albaro MORALES**, be he hereinfter be known and referred to as the Petitioner, currently at bench in Pro-Se.

Petitioner avers the on-going factual information to support this Motion now at bench.

### COMMENT ON DR. BHATTI'S STATEMENT

While a clearing reading of Dr. BHATTI's declaration support Petitioner's application for relief. Dr. BHATTI is submitting ommitted a conversation (1) Petitioner has, with him, just prior to filing the instant action for relief.

During the conversation, Dr. MERCADANTE's assertion was that after an examination of Petitioner, it was agreed that the early procedure available to Petitioner would, in fact, be a heart transplant.

Dr. BHATTI, too, ommitted the fact that, at a medical staff

meeting at Devens, it was, infact, he who nominated Petitioner for his transplant, but was denied when the local approval reached the regional level in Philadelphia.

Dr. BHATTI, too, very expressly and respectfully explained that the new Director of the Bureau of Prisons, Harley G. LAPPIN, was "all the way ato the right" in conversative policy, and will not release anyone to a compassionate release. Dr. BHATTI too stated that he was the "first" at Devens to recomment compassionate release and Petitioner MORALES was, in fact, that very person.

Petitioner is not submitting that Dr. BHATTI, by these ommissions is being mean spirited. He is, in fact, a fine caring doctor, who Petitioner is sure has the submitted report prepared by a staff person.

## -B-
## RESPONSE TO GOVERNMENT'S REPLY THAT THE COURT LACKS THE AUTHORITY TO SHORTEN HIS SENTENCE

The first sentence quoted is __United States vs Zsofka,__ 121 F.3d 696, 1997 WL 44052 (1st Cir., 1997). The ZSOFKE decision is "unpublished" flowing from __Zsofka__ __United States vs Rose__ 245 F.3d 577, 586 (6th Cir. 2001), was quoted. ROSS, here, is, at best misplaced. Ross was a matter praying to re-open a prior adverse decision. No such circumstances exist instantly. Next, __United States vs Blackwell__, 81 F.3d 945 (10th Cir., 1996) i presented. In **BLACKWELL**, unlike MORALES, a reduction of sentence was sought pursuanta to either 18 USC §3582, Rule 35(a) or **18 USC § 2255.**

MORALES has brought the instant Petition, subject to **18 USCG 5H1.4**, "physical condition" to qualify for relief subject to the policy statement of SHAY. All MORALES need do is to convince the Court that he has an extraordinary physical impairment of a terminal nature, which would lend the Court to impose home detention. <u>See</u>: <u>United States vs Martinez-Guerrero</u> (1993) 981 F.2d 618. The alternative to confinement proposition, **5H1.4**, supra. Also, <u>United States vs Jefferson</u>, N.D. W. VA., 1992; 786 F.Supp 1267, in agreement with the historical notes of the 1991 Amendment(s).

### -C-
### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The United States correctly asserts that Petitioner failed to pursue his final appeal to the Office of General Counsel, citing the "three-level grievance procedure", **28 CFR 542.10**, et seq.

Petitioner constantly and continually attempted to bring his final appeal; however, thwarted each time, it will become clear and convincing by the very exhibits submitted by the United States, herein, that MORALES properly and timely pursued the first two (2) steps **CFR 542.10**, supra. In seeking his final request, he did, on three (3) occasions, mail it to Washington from FMC Devens, only to be mailed back telling MORALES **inter alia** "You never filed the BP-8, BP-9, or BP-10. Petitioner sought relief from his counselor, Mr. HANCOCK, and the Warden, David L. WINN. Just prior to bringing the instant action, he was assured

by staff that the BP-11 was denied by the Office of General Counsel, thus ripe for the instant petition.

Finally, Page 9, Government's response. Your Petitioner is seemingly chastized for not declaring "inferior medical treatment, much less deliberate indifference to serious medical needs, and that a possibiliaty exists that MORALES could continue criminal activity, if released, Page 9. Government response. First, Petitioner is not before the Court pursuant to **28 USC §1331**, or **42 USC §1983**, where he would have to present this allegation pursuant to the findings held in <u>Estelle vs Gambel</u>, ____ U.S. _____ (citation ommitted) to bring a motion for "Home Confinement". He is not saying the treatment was inferior, only that there is no available treatment, and it would, cost-wise, be convenient to permit home detention. Lastly, the BOP has never declared just how many 70 years older inneed of a heart transplant, return to a life of crime, either before or after treatment.

## CONCLUSION

Petitioner seeks an order entering into an evidentiary hearing, or as an alternative, a 90-day continuance until such time your Petitioner again tries to have General Counsel accept and review his final appeal.

Respectfully,

*[signature]*
Alvaro MOLARES

## CERTIFICATE OF SERVICE

I, the undersigned, do state that I have, on this 24th day of Nov., 2004, by First Class mail served a true copy of the foregoing reply on the persons below named.

Anita Johnson
Assistant United States Attorney
Moakley United States Courthouse
Suite 9200
One Courthouse Way
Boston, MA  02210

Respectfully submitted,

Alvaro MORALES
Reg. No. 42152-004
FMC Devens
P.O. Box 879
Ayer, MA  01432