United States District Court
District of Massachusetts

_____
                                   )
**ALVARO MORALES,**                )
                                   )
       Petitioner,           )
                                   )     Civil Action No.
       v.                    )     04-40172-NMG
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
       Respondent.           )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

    Petitioner Alvaro Morales ("Morales") was sentenced in 1991 to over 24 years in prison after pleading guilty to charges involving possession of and conspiracy to distribute cocaine. He is currently incarcerated at the Devens Federal Medical Center in Ayer, Massachusetts. On August 26, 2004, Morales commenced this action against the United States by filing a document entitled "Motion For Absence From Prison to Home Detention Due to Extraordinary Physical Impairment." He is proceeding pro se.

    Petitioner asks this Court to grant him "compassionate relief" and order his release from prison. Morales asserts that he suffers from "a variety of terminal illnesses," including inoperable aortic regurgitation. He further states that he needs a heart transplant in order to survive and that such transplants

are unavailable to persons in federal custody.  Petitioner asserts that he has a family and pension waiting for him in Colombia and that his family has already begun to research providers of cardiac transplants in that country.

Petitioner's motion cites 28 U.S.C. § 2241, the federal habeas corpus statute.  He does not challenge the validity of his sentence, however, and the cited statute does not confer upon a court jurisdiction to alter a sentence solely based upon a prisoner's medical circumstances.  Petitioner further states that his motion is based on "U.S.S.G. 5H4.1 and 5F1.2" by which it is believed he means to refer to the United States Sentencing Guidelines.  The first cited provision does not exist (although § 5H1.4, to which Petitioner may have intended to refer, relates to departing downward based on physical impairment) and the second provides for the imposition of a sentence to home detention in certain cases.  However, those provisions of the Sentencing Guidelines apply to the sentencing court in the first instance; they provide no authority for a reviewing court to set aside or modify a sentence.

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. See, e.g., United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.

1994).  Section 3582(c) of Title 18 of the United States Code provides that "the court may not modify a term of imprisonment once it has been imposed" unless the case fits within one of the exceptions set forth in that statute.  The exceptions are when 1) the Director of the Bureau of Prisons ("BOP") moves for a reduction in the term of imprisonment a) due to extraordinary and compelling reasons or b) because the defendant is at least 70 years old, has served at least 30 years in prison and is no longer a danger to the safety of the community, 2) Fed. R. Crim. Proc. 35 permits modification of the sentence (due to clear error or substantial assistance) and 3) the defendant has been sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission.

The instant case does not fall within any of the statutory exceptions.  Morales has not alleged any facts or offered argument relating to the second or third exceptions.  Although Petitioner has stated that he does not seek sentence reduction pursuant to 18 U.S.C. § 3582, the statutory basis for his argument, if any, would be the first exception, 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as the "compassionate relief" provision.  As clearly set forth in the statute, however, the Court may not award such relief unless the Director of the BOP moves for a reduction in the inmate's sentence.  No such motion has been filed in this case.  Therefore, the Court cannot

modify Petitioner's sentence pursuant to § 3582(c).

Because this Court has no statutory authority to reduce Petitioner's sentence, it declines to address the government's alternative argument that Petitioner has failed to exhaust his administrative remedies, which Petitioner concedes.

Petitioner has filed a Motion and Request for Funds to Provide Expert Medical Testimony.  Although the motion is unopposed, it does not contain a certificate of service and it is unclear whether it was ever served on the government.  Further medical documentation would not, in any event, confer upon this Court jurisdiction to entertain Petitioner's motion for compassionate release.  The request is, therefore, denied.

**ORDER**

In accordance with the foregoing memorandum,

1. Petitioner's Motion and Request for Funds to Provide Expert Medical Testimony (Docket No. 3) is **DENIED**;

2. Government's Motion to Dismiss (Docket No. 7) is **ALLOWED**; and

3. Petitioner's "Motion for Absence From Prison to Home Detention Due to Extraordinary Physical Impairment" (which is treated as a Petition for Writ of Habeas Corpus) is **DISMISSED**.

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                             Nathaniel M. Gorton
                                             United States District Judge

Dated: January 27, 2005