# United States Court of Appeals
## For the First Circuit

MANDATE

No. 05-1191

ALVARO MORALES,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

JUDGMENT

Entered: November 28, 2005

In 1991, Petitioner Alvaro Morales was sentenced to over twenty-four years in prison for his part in a cocaine conspiracy by the United States District Court for the District of Florida. Federal immigration authorities have slated him for deportation back to his native Colombia upon release, which is currently scheduled for 2011. During incarceration, he has developed a serious heart condition, and the Federal Bureau of Prisons (BOP) is housing him at the Devens Medical Center in Massachusetts.[1]

The Petitioner applied to the BOP for a 'compassionate release' pursuant to the BOP's implementation procedures for 18 U.S.C. § 3582(c)(1)(A), a statute allowing for early release of federal prisoners for "extraordinary and compelling reasons" upon motion by the government. His application was denied, and after an internal BOP appeal of the denial failed, Petitioner, acting pro se, filed for habeas corpus relief from the United States District

---

[1] Petitioner alleges that his ailment can be cured only by a heart transplant, while the BOP submits that a heart transplant is inadvisable in his case. In the instant proceedings, the Petitioner is not seeking to oblige the BOP to provide him with a heart transplant in prison, but to release him so that he might get a transplant back in Colombia.

Court for the District of Massachusetts pursuant to 28 U.S.C. § 2241. The district court entered judgment against him, and this appeal followed.

The judgment of the district court is affirmed.

Petitioner's arguments in the district court and here have proceeded on the faulty premise that provisions in the United States Sentencing Guidelines for downward departures based on age or infirmity authorize the relief he requests. USSG §§ 5H1.1, 5H1.4. The district court rejected Petitioner's contention, and rightly concluded that 18 U.S.C. § 3582(c)(1)(A) is the source of the remedy sought by Petitioner. Because § 3582(c)(1)(A) specifies that the court may allow early release "upon motion of the Director of the Bureau of Prisons," the district court further concluded that it was without power to grant a release to the Petitioner absent a motion from the BOP. Whether the BOP's refusal to so move is reviewable by the courts is an open question, but one we need not address.

Even assuming there is some form of judicial review, the record before us does not establish arbitrary or capricious action by the BOP. In denying Petitioner's release request, the BOP specifically noted that his prognosis is uncertain, and that it was concerned that he posed a risk of recidivism. On the present record, the Petitioner has not established that the BOP's stated concern is so irrational or groundless that this Court should negate it. See generally Save Our Heritage, Inc. v. F.A.A., 269 F.3d 49 (1st Cir. 2001)(burden is on party challenging government's reasoning to show that it fails test of reasonableness).

Our disposition of this case makes it unnecessary to address the question of whether administrative remedies were properly exhausted by the Petitioner.

The judgment of the district court is *affirmed*.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 1/20/06

By: _____
MARGARET CARTER
Chief Deputy Clerk.

[cc: Alvaro Morales, Anita Johnson, AUSA, Dina Michael Chaitowitz, AUSA ]